**Rudy Antonio CAMACHO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73724.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Walter Rafael Pineda, Esq., Law Offices of Walter Rafael Pineda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Rudy Antonio Camacho, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the IJ's decision that Camacho did not establish that the guerrilla's threats or attempted recruitment of him were on account of an enumerated ground. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150–51 (9th Cir. 2000). Additionally, the IJ properly relied upon a State Department Country Report to determine that conditions in Guatemala have changed such that Camacho's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003). Because Camacho failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Camacho's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issue of the mandate.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

